**Gabriel Del Virginia, Esq.**
**LAW OFFICES OF GABRIEL DEL VIRGINIA**
*Proposed Attorneys for the Debtor*
*and Debtor in Possession*
30 Wall Street, 12th Floor
New York, New York 10005
Telephone: 212-371-5478
Facsimile: 212-371-0460
*gabriel.delvirginia@verizon.net*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
**In re**

|  |  |
|---|---|
| **FLAMINGO FUNDING, INC.,** | **Chapter 11** |
| **Debtor.** | **Case No. 1-17-46554-NHL** |

-------------------------------------------------------------X

### NOTICE OF HEARING ON DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO OBTAIN POST-PETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105 AND 364(b)

**PLEASE TAKE NOTICE** that a hearing on the motion of Flamingo Financing, Inc., the debtor and debtor-in-possession (the "Debtor") for entry of an order authorizing the Debtor to obtain postpetition financing pursuant to 11 U.S.C. §§ 105(a) and 364(b) (the "Motion") will be held before the Honorable Nancy Hershey Lord, United States Bankruptcy Judge, United States Bankruptcy Court, Eastern District of New York, Conrad B. Duberstein Courthouse, 271-C Cadman Plaza East, Brooklyn, New York 11201-1800, for signature on **February 21, 2018 at 3:30 p.m., prevailing Eastern time**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion must be in writing, must conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules of the Bankruptcy Court for the Southern District of New York (the "Court"), must set forth the name of the objecting party, and the

basis for the objection and the specific grounds therefor, and must be filed with the Court electronically, (with a hard copy delivered directly to chambers), and any objection must further be served upon: (i) Law Offices of Gabriel Del Virginia, 30 Wall Street, 12th Floor, New York, New York 10005, Attention: Gabriel Del Virginia, Esq. and (ii) the United States Trustee's Office for the Eastern District of New York (Attention: Rachel Weinberger), 201 Varick Street, Suite 1006, New York, New York 10014, so as to be received no later than **February 14, 2018 at 4:00 p.m. prevailing Eastern Time.**

   **PLEASE TAKE FURTHER NOTICE** that, unless objections are timely received and filed, the relief requested in the Motion may be granted without further notice.

Dated: New York, New York
   January 29, 2018      */s/Gabriel Del Virginia*
             Gabriel Del Virginia
             LAW OFFICES OF GABRIEL DEL VIRGINIA
             30 Wall Street, 12th Floor
             New York, New York 10005
             Telephone: 212-371-5478
             Facsimile: 212-371-0460
             gabriel.delvirginia@verizon.net

**Gabriel Del Virginia, Esq.**
**LAW OFFICES OF GABRIEL DEL VIRGINIA**
*Proposed Attorneys for the Debtor*
*and Debtor in Possession*
30 Wall Street, 12th Floor
New York, New York 10005
Telephone: 212-371-5478
Facsimile: 212-371-0460
*gabriel.delvirginia@verizon.net*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
**In re**

|  |  |
|---|---|
| **FLAMINGO FUNDING, INC.,** | **Chapter 11** |
| **Debtor.** | **Case No. 1-17-46554-NHL** |

---------------------------------------------------------------X

### MOTION PURSUANT TO 11 U.S.C. §§ 105(a) AND 364(b) FOR AN ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO OBTAIN POST-PETITION FINANCING

To:    **The Honorable Nancy H. Lord,**
       **United States Bankruptcy Judge**

Flamingo Funding, Inc., as debtor and debtor-in-possession (the "Debtor"), by and through its counsel, the Law Offices of Gabriel Del Virginia, as and for its motion pursuant to 11 U.S.C. §§ 105(a) and 364(b) seeking entry of an order authorizing it to obtain post-petition financing (the "Motion"), respectfully represents:

### JURISDICTION

1.     This Court has jurisdiction over this Motion under  28 U.S.C. § 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

### BACKGROUND

2.     On December 6, 2017 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of Title 11 of the United States Code §§ 101 *et seq.* (the "Bankruptcy Code"). The Debtor continues to manage its property and business as

a debtor-in-possession.

3.      No trustee or examiner has been appointed in this case. Also, no official committee of unsecured creditors has been appointed.

4.      The Debtor is a New York corporation that owns and operates a six-unit residential rental property (the "<u>Property</u>") located at 766 Miller Avenue in Brooklyn, New York.

5.      Due to under-occupation, the Debtor experienced significant financial difficulty that led to its inability to service its existing debt obligation on the Property.  As a result, Miller Ave Funding, LLC (the "<u>Lender</u>") threatened to foreclose on the mortgage it held, leading to the filing of this case.  The Lender is owed approximately $595,271.41, pursuant to the payoff letter dated January 8, 2018 by counsel to the Lender, a copy of which is annexed hereto as **<u>Exhibit A</u>**.

6.      Since filing this case, the Debtor has been actively seeking to refinance the existing debt on the Property.  Through its efforts, the Debtor has obtained a financing commitment from Harrison Vickers and Waterman ("<u>HVW</u>") in the amount of $750,000.00 as more fully described below and in the Financing Commitment (along with all terms embodied in the Financing Commitment, the "<u>DIP Financing</u>"), and the Declaration of Kennedy George in Support of Debtor's Motion pursuant to 11 U.S.C. §§ 105(a) and 364(d) Seeking Entry of an Order Authorizing the Debtor to Obtain Postpetition Financing annexed hereto as **<u>Exhibit B</u>**.  A copy of the Financing Commitment is annexed hereto as **<u>Exhibit C</u>**.

## <u>RELIEF REQUESTED</u>

7.      Through this Motion, the Debtor seeks entry of an order authorizing it to enter into the DIP Financing on the terms and conditions set forth in the Financing

Commitment to enable it to refinance the existing debt to the Lender and thereby reorganize its financial affairs.

## TERMS OF THE PROPOSED DIP FINANCING

8.    Pursuant to the terms of the Financing Commitment, HVW has conditionally agreed to loan the Debtor the sum of $750,000.00 less any current debt, taxes or any other liens on the property subject to certain terms and conditions more fully detailed in the Financing Commitment.

9.    A brief summary of certain of the key provisions of the DIP Financing follows below.   The Court and parties-in-interest, however, are respectfully referred to the Financing Commitment for a full recitation of the terms and conditions of the DIP Financing.

| | |
|---|---|
| Term: | One Year |
| Interest Rate: | Prime plus 7.75%, with a floor of 12% |
| Amortization: | None |
| Repayment Schedule: | Monthly |
| Fees and Expenses: | 5% of the loan amount or $37,500.00 plus legal fees and expenses |
| Renewal Option: | At sole discretion of HVW, subject to certain conditions Stated in the Financing Commitment |
| Guaranty: | Personal guaranty of Kennedy George |
| Security: | First position lien on the Property in an amount of up to 150% of the loan and (ii) 100% of the shares of the Debtor |
| Conditions: | The availability of the DIP Financing is conditioned upon satisfaction of usual and customary conditions including that the Property shall appraise for at least $1.3 million |

## LEGAL ARGUMENT

**Approval Under Section 364(b)**

10.    Approval under §364 (b) "requires a finding that the debt [is] an actual, necessary cost and expense of preserving the estate". *In re Fleetwood Enterprises, Inc.*, 2012 WL 2017952, 11 (9th Cir. BAP 2012); *see also In re Club Dev. & Mgmt. Corp.,* 27 B.R. 610, 611-12 (9th Cir. BAP 1982).

11.    As demonstrated, the DIP Financing is an actual, necessary cost and expense of preserving the estate.  It is necessary for the Debtor to refinance its existing debt in order to reorganize and exit bankruptcy.  Indeed, the existing debt to the Lender necessitated this filing as the Debtor has no other significant debts.  As such, once the Debtor is able to enter into the DIP Financing, all creditors can be paid in full.

12.    Bankruptcy courts routinely defer to the debtor's business judgment on most business decisions, including the decision to borrow money. *See Group of Institutional Investors v. Chicago Mil. St. P. & Pac. Ry.,* 318 U.S. 523, 550 (1943); *In re Simasko Prod. Co.,* 47 B.R. 444, 449 (D. Colo. 1985) ("Business judgments should be left to the board room and not to this Court."); *In re Lifeguard Indus., Inc.* 37 B.R. 3, 17 (Bankr. S.D. Ohio 1983) (same). "More exacting scrutiny would slow the administration of the debtor's estate and increase its costs, interfere with the Bankruptcy Code's provision for private control of administration of the estate, and threaten the court's ability to control a case impartially." *Richmond Leasing Co. v. Capital Bank, N.A.,* 762 F.2d 1303, 1311 (5th Cir. 1985).

13.    In general, a bankruptcy court should defer to a debtor's business judgment regarding the need for and the proposed use of funds, unless such decision is arbitrary and capricious. *In re Curlew Valley Assoc.,* 14 B.R. 506, 511-13 (Bankr. D. Utah 1981). Courts generally will not second-guess a debtor's business decisions when those decisions involve

"a business judgment made in good faith, upon a reasonable basis, and within the scope of [its] authority under the Code." *Id.* at 513-14 (footnotes omitted).

14.    The Debtor has exercised sound business judgment in determining that the DIP Financing is appropriate and has satisfied the legal prerequisites to borrow under the DIP Financing.  The terms of the DIP Financing are fair and reasonable and are in the best interests of the Debtor's estate. Accordingly, the Debtor should be granted authority to enter into the DIP Financing on the administrative priority basis as provided under section 364(b) of the Bankruptcy Code.

## **NOTICE**

15.    The Debtor has given notice of this Motion by mailing: (i) a copy of the Notice of Hearing to all known creditors and parties in interest; and (ii) Notice of Hearing and the Motion to the (a) Office of the United States Trustee, Eastern District of New York; (b) and all parties that have requested service.

## **CONCLUSION**

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order substantially in the form annexed hereto as **Exhibit D** authorizing the Debtor to enter into the DIP financing and granting such other and further relief as is just and proper.

Dated: New York, New York
    January 29, 2018                    */s/Gabriel Del Virginia*
                                        Gabriel Del Virginia
                                        LAW OFFICES OF GABRIEL DEL VIRGINIA
                                        30 Wall Street, 12th Floor
                                        New York, New York 10005
                                        Telephone: 212-371-5478
                                        Facsimile: 212-371-0460
                                        gabriel.delvirginia@verizon.net

**Exhibit A – Payoff Letter**

# MILLER AVE FUNDING LLC

c/o Hass & Gottlieb
670 White Plains Road, Suite 121
Scarsdale, New York 10583

January 5, 2018

FLAMINGO FUNDING, INC.
c/o GABRIEL DEL VIRGINIA, ESQ.
30 Wall Street, 12th Floor
New York, New York 10005

Re:     Miller Ave Funding LLC w/ Flamingo Funding Inc.;
        Mortgage loan held by Miller Ave Funding LLC upon
        766 Miller Avenue, Brooklyn, New York

Dear Mr. Del Virginia:

Per your request, please be advised that the sum due and owing pursuant to the first mortgage lien held by Miller Ave Funding LLC upon the real property located at 766 Miller Avenue, Brooklyn, New York as of January 5, 2017, payable in certified funds or official bank check payable to "Hass & Gottlieb, Esq., as attorneys," or wire (instructions to be provided), is calculated as follows:

| | |
|---|---:|
| Principal balance (per referee's report of 9/30/16): | $ 502,383.38 |
| Interest at note rate from 10/1/16 to 10/22/16 (date of judgment entry): | $ 29,833.06 |
| Interest at default rate from 10/1/16 to 10/22/16 (date of judgment entry): | $ 15,166.53 |
| Interest on arrears (as per note): | $ 3,427.44 |
| Insurance (5/10/17): | $ 5,000.00 |
| Receiver bond (advance): | $ 170.00 |
| Costs and disbursements (per foreclosure judgment): | $ 1,490.00 |
| Interest on foreclosure judgment (10/23/17-01/05/18 @ 9% ($123.88/diem)): | $ 9,291.00 |
| Referee's fees (per foreclosure judgment): | $ 500.00 |
| Publication costs: | $ 2,010.00 |
| Receiver's fees:* | $ 1,000.00 |
| Legal fees of bankruptcy counsel:* | $ 25,000.00 |
| Total: | **$ 595,271.41** |

Very truly yours,
MILLER AVE FUNDING LLC

By: _Inna Sobel_
    INNA SOBEL, managing member

*Subject to change

**Exhibit B – George Declaration**

**Gabriel Del Virginia, Esq.**
**LAW OFFICES OF GABRIEL DEL VIRGINIA**
*Proposed Attorneys for the Debtor*
*and Debtor in Possession*
30 Wall Street, 12th Floor
New York, New York 10005
Telephone: 212-371-5478
Facsimile: 212-371-0460
*gabriel.delvirginia@verizon.net*


**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------------X
**In re**

      **FLAMINGO FUNDING, INC.,**          **Chapter 11**

              **Debtor.**          **Case No. 1-17-46554-NHL**

--------------------------------------------------------------X
**DECLARATION OF KENNEDY GEORGE IN SUPPORT OF DEBTOR'S MOTION**
**PURSUANT TO 11 U.S.C. §§ 105 AND 364(b) SEEKING ENTRY OF AN ORDER**
**AUTHORIZING THE DEBTOR TO OBTAIN POSTPETITION FINANCING**

          Kennedy George, pursuant to 28 U.S.C. § 1746, declares and respectfully

says:

          I am the president and sole shareholder of Flamingo Funding, Inc., the

above-captioned debtor and debtor-in-possession, the above-captioned debtor and debtor-in-

possession (the "Debtor"), and I am familiar with the Debtor's business and financial

affairs. I submit this declaration (the "Declaration") in support of the above-referenced

Motion and hereby represents as follows:

         1.     The Debtor is a New York corporation that owns and operates a six-unit

residential rental property (the "Property") located at 766 Miller Avenue in Brooklyn, New

York.

         2.     Due to under-occupation, the Debtor experienced significant financial

distress that led to its inability to service its existing debt obligation on the Property.  As a

result, 766 Miller Lend, LLC (the "Lender") threatened to foreclose on the mortgage it held,

leading to the filing of this case.

     3.     Since filing this case, I have been actively seeking to refinance the existing debt on the Property and have obtained a contingent financing commitment from Harrison Vickers and Waterman ("HVW") in the amount of $750,000.00, less any current debt, taxes or any other liens on the property subject to certain terms and conditions more fully detailed in the Financing Commitment. Following are the material terms of the DIP Financing:[1]

| | |
|---|---|
| Term: | One Year |
| Interest Rate: | Prime plus 7.75%, with a floor of 12% |
| Amortization: | None |
| Repayment Schedule: | Monthly |
| Fees and Expenses: | 5% of the loan amount or $37,500.00 plus legal fees and expenses |
| Renewal Option: | At sole discretion of HVW, subject to certain conditions Stated in the Financing Commitment |
| Guaranty: | Personal guaranty of Kennedy George |
| Security: | First position lien on the Property in an amount of up to 150% of the loan and (ii) 100% of the shares of the Debtor |
| Conditions: | The availability of the DIP Financing is conditioned upon satisfaction of usual and customary conditions including that the Property shall appraise for at least $1.3 million |

     4.     The proposed DIP Financing will enable the Debtor to refinance its existing debt and exit bankruptcy, as the Debtor has no other significant existing debt.

     5.     After appropriate investigation and analysis, and given the exigencies of the circumstances, I have concluded that the DIP Financing is the best alternative available in the circumstances of this case.

---

[1] DIP Financing is defined as all terms embodied in the Financing Commitment.

6.    Based upon the foregoing, I believe the Debtor has exercised sound business judgment in determining that the DIP Financing is appropriate and  has satisfied the legal prerequisites to borrow under the  DIP Financing. The terms of the DIP Financing are fair and reasonable and are in the best interests of the Debtor's estate. Accordingly, based upon advice of my counsel, I believe that the Debtor should be authorized to enter into the DIP Financing and borrow funds from HVW on the administrative priority basis provided by Section 364(b) of the Bankruptcy Code.

7.    If the Debtor is not permitted to enter into the DIP Financing, it most likely will lose the Property, which is its sole asset.  Thus, reorganization will be impossible without the DIP Financing.

8.    Accordingly, I respectfully request that the Court approve the DIP Financing.

I hereby declare, pursuant to 28 U.S.C. § 1746 that the foregoing is true to the best of my knowledge, information and belief.

Dated: New York, New York
           January 29, 2018                              Flamingo Funding, Inc.,
                                                                   *Debtor and Debtor in Possession*

                                                                   __*/s/ Kennedy George*_____
                                                                   Kennedy George, President

**Exhibit C – Financing Commitment**

Land Build Develop

### FINANCING COMMITMENT

Harrison Vickers and Waterman (hereinafter referred to as "HVW") has conditionally approved the application of a loan in the amount of Seven Hundred Fifty Thousand ($750,000.00) Dollars or the lesser amount of 50% of an MAI "as is" appraisal for commercial property and or 35% of an MAI appraisal for vacant land, less any current debt, taxes or any other liens on the property(s) subject to the following terms and conditions:

The Borrower must be an operating business entity such as (Corp, LLC, LLP, or other approved entity by the lender).

**Borrower:**

| Name: | Flamingo Funding Inc. |
| --- | --- |
| Fed Tax ID #: | 20-4435129 |
| Address: | 493 Montauk Avenue |
| | Brooklyn, New York 11208 |
| | |

**Term**:        1 Year(s)

**Interest Rate:**        Prime Rate* + 7.75%.  Interest rate shall not go below 12%.

*Prime Rate as stated in the Wall Street Journal Eastern Edition as of this date is 4.25%.

**Amortization:**        NONE

**Monthly Payment:**        $7,500.00 - Based on a loan amount of $ 750,000.00 and current interest rate.

**Commitment Fee:**

5 %

37,500

(6%) percent of loan amount or (45,000.00). To be paid at the closing.   

**Prepayment Penalty:**        NONE
Principal payments may be made with interest payment (by separate check) in multiples of ten thousand dollars. Any payment over $200,000 the lender must be given 60 day's written notice.

**Renewal Option:**

Upon maturity of the note, HVW at its sole option and subject to compliance with all terms of the Loan Agreement and any other additional documents needed to be executed, this loan may be renewed and extended for any agreed upon period of time.

## *ADDITIONAL CONDITIONS FOR RENEWAL OPTIONS*

a) You are not in default under the provisions of the note, mortgage, assignments of rents and leases, or any other documents or instruments securing this loan; and

b) All required loan payments have been made within 10 days of their due date; and

c) There has been no material adverse change in your financial condition or any guarantor of this loan; and

d) There has been no decline in the value of the collateral securing this loan; and

e) You agree to the terms and conditions (including, but not limited to, interest rate, point, prepayment penalties, and events of default) that are required by HVW for similar loans at the time of renewal; and

f) Any and all expenses in connection with such renewal shall be paid by the Borrower.

g) Sixty Day notice required by the Borrower for consideration of loan extension.

Term & Conditions of Renewal Options:

Upon the compliance of all items in the Renewal Option, above, HVW agrees to renew and extend said loan as follows:

a) Term-additional 1 year          $1.5\%$
b) Monthly Payments: As per Schedule
c) Other: After acceptance of extension an additional 3% of remaining balance is due at the time  of accepted and agreed upon extension.

## **Loan Terms & Conditions**

All of the constant monthly payments are to be applied first to the payment of earned interest and the remainder, if any, to the reduction of principal.



*Land  Build  Develop*

1) The Board of Directors or other authorizing authority approves the borrowing by the Corporation, LLC, LLP, or other business entity satisfactory to the lender for the above business purpose. A person authorized by the borrowing entity supplies HVW with a certified copy of resolutions approving and authorizing the business entity entering into this borrowing.

2) The President, CFO, CEO, or other authorized individual must produce an affidavit, confirming that the proceeds of this loan are being borrowed pursuant to the Board of Directors resolutions mentioned in paragraph "1" above and that the funds are to be used for the business purpose of the borrowing entity. State the specific reason for the loan.

   a) The borrower must supply in writing a COMPLETE AND ACCURATE BREAKDOWN as to the purpose of what the borrowed funds are being used for.

| |
|---|
| Refinance of Properties |
| Payment of any Property Tax, Tax Liens, any other Liens |
| Payment of Commitment Fees to HVW |
| Payment of Title Fees |
| Payment of Legal Fees |

3) The business entity duly executing and delivering to HVW its Promissory Note (hereinafter called "Note") in the amount of the loan commitment, with all other provisions of the Note being consistent with the provisions of this commitment.

4) The following named shareholder(s), officer(s) of your business entity, individuals, jointly and severally, personally guaranteeing the due and prompt payment of the Note by endorsement thereon and by the due execution and delivery to HVW of a personal guarantee evidencing this obligation to promptly pay HVW in the event of default by the business entity (said shareholders and officers). Whether one or more, hereinafter called "Guarantors":

| Name | Date of Birth | S S Number |
|---|---|---|
| 1)  Kennedy George | | |
| 2) | | |
| 3) | | |

5) As security for the prompt performance of the note as well as the personal guarantee the Borrower and Guarantee agree to execute and have their spouses, if any, execute and deliver to HVW a mortgage on certain real property owned by them located in the state of commonly designated as follows: (hereinafter called the "Real Property")

**Collateral:**

1ˢᵗ Lien on 766 Miller Avenue, Brooklyn, NY 11207

Pledge of shares of the corporate borrowing entity; Flamingo Funding Inc.

6) Borrower acknowledges that this commitment has been issued before the lender has had an opportunity to complete its business, credit and legal analysis of the transaction. The borrower agrees that the lender, in its sole discretion, may determine whether any matters disclosed by its further investigation are of such a nature as to cause the lender to decline the loan, and the borrower agrees that any such determination on the lender's part shall be binding and conclusive on the borrower.

You will cause a mortgage title insurance policy issued by an insurance company satisfactory to HVW insuring the guarantor's title to Real Property and the lien thereon on said mortgage in the amount of $750,000.00 and if available up to 150% of the loan totaling $1,125,000.00 of this loan commitment which shall be the above stated lien upon the Real Property.

An appraisal satisfactory to HVW and related expense borne by Borrower being obtained on the value of the Real Property showing the Real Property to have a value of the minimum values as shown below:

| Real Property | Required Appraisal Value |
|---|---|
| 1. 766 Miller Avenue, Brooklyn, NY 11207 | $ 1,300,000 |

If the borrower goes into default under any of the terms of the loan agreement, the lender may pay off the first mortgage and add that amount along with all other costs to the loan balance. At that time, the lender will have the exclusive right to collect all the rents at both properties.

*Lend  Build  Develop*

1. HVW's receipt of articles of proof of the business entity, with copies of the business checkbook.

2. HVW's receiving and reviewing and approving the business entity's tax returns since the entity was formed.

3. A personal financial statement of all the principals of the borrowers.

4. At closing, HVW must be granted a first lien on all furniture, fixtures, and equipment if applicable.

5. HVW's receipt of evidence of the purchase of the Real Property(s) (see the list of collateral).

Finally, you will be required to pay all of the costs of the closing of the loan which closing costs will include mortgage title insurance premium, any title or other search fees in excess of the premiums, survey or survey inspection fees, all recording or filling fees, the fee of our attorneys for preparing and conducting the closing, and loan placement fee to brokers (if any).

By acceptance of this conditional commitment letter, you agree that a $1,500.00 processing fee, payable to HVW, is now earned and non-refundable. In the event that this loan does not close due to the fact that the borrower is not in compliance with any or all of the terms and conditions of this commitment, this payment will act as payment in full for services rendered to date. Additionally if the borrower cancels his request for funding after execution of this agreement they remain and are resposible for any and all expenses incurred.  These expense may include but not limited to legal, title and apprasial fees if applicable.  In addition the one point commitmnet fee due at signing if agreed to its payment at closing will remain the responsibility of the borrower to be paid.

The lender is obligated to fund only when all the commitment terms and conditions are complied with in the lenders opinion.

Upon completion of all of the above conditions, HVW agrees to advance to you, on a date mutually agreed to, the amount set forth in this loan commitment. Unless otherwise agreed to by HVW, in writing, this loan commitment shall expire if the conditions set forth herein are not complied with in full by the borrower for any reason with or without fault within thirty (30) days from the date hereof. In the event of the expiration of this loan commitment, HVW shall be under no obligation to proceed with or advance any funds on this proposed loan.

This conditional commitment must be signed and returned to Harrison Vickers and Waterman This commitment expires five (5) days from this notice.

Very truly yours,

HARRISON VICKERS AND WATERMAN

James Giordano                                    11/28/2017
*Chairman & CEO*                                  Date


**ABOVE TERMS AND CONDITIONS
ARE UNDERSTOOD AND AGREED:**


FLAMINGO FUNDING Inc _____ (BORROWING ENTITY'S NAME)


By: _Kennedy George_                     Date: 12/11/2017
   President of Business Entity


By: _Kenny Gwye_                          Date: 12/11/2017
   Personal Signature

**Exhibit D – Proposed Order**

**Gabriel Del Virginia, Esq.**
**LAW OFFICES OF GABRIEL DEL VIRGINIA**
*Proposed Attorneys for the Debtor*
*and Debtor in Possession*
30 Wall Street, 12th Floor
New York, New York 10005
Telephone: 212-371-5478
Facsimile: 212-371-0460
*gabriel.delvirginia@verizon.net*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------------X
**In re**

       **FLAMINGO FUNDING, INC.,**          **Chapter 11**

             **Debtor.**          **Case No. 1-17-46554-NHL**

--------------------------------------------------------------X

**ORDER AUTHORIZING THE DEBTOR TO OBTAIN POST-PETITIONFINANCING**
**PURSUANT TO 11 U.S.C. §§ 105(a) AND 364(b) OF THE BANKRUPTCY CODE**

       Upon the annexed Motion ("Motion")[2] of Flamingo Funding, Inc, as debtor and debtor-in-possession (the "Debtor"), for an order authorizing the Debtor to obtain DIP Financing as described in the Motion; and the Court having considered the Motion and the relief requested therein; and the Court finding that notice of the Motion was good and sufficient, and that no other or further notice of the Motion is required; and no objections to the relief sought in the Motion having been timely filed; and it appearing that the terms of the DIP Financing is an actual and necessary expense of preserving the estate and a reasonable exercise of the Debtor's business judgment; and after due deliberation, the Court having determined that the relief requested in the Motion is in the best interest of the Debtor's estate and that sufficient cause exists therefor, it is:

       **ORDERED**, that the Debtor is authorized to obtain the DIP Financing on the terms and conditions more particularly set forth in the Motion; and it is further,

---

[2] Capitalized terms not otherwise defined herein are ascribed the meanings provided in the Motion.

**ORDERED**, that the funds provided by the HMV to the Debtor pursuant to the DIP Financing are allowable under 11 U.S.C. § 503 (b)(1) as an administrative expense of the estate.

Dated: Brooklyn, New York
      February __, 2018

_____
**UNITED STATES BANKRUPTCY JUDGE**