| | |
|---|---|
| Gabriel Del Virginia, Esq. (GDV-4951)<br>LAW OFFICES OF GABRIEL DEL VIRGINIA<br>*Attorneys for the Debtor*<br>*and Debtor in Possession.*<br>30 Wall Street–12th Floor,<br>New York, New York 10005.<br>Telephone: 212-371-5478<br>Facsimile: 212-371-0460<br>*gabriel.delvirginia@verizon.net* | Hearing Date: April 26, 2018<br>Hearing Time: 11:00 a.m. |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re

FLAMINGO FUNDING, INC.

                                              Chapter 11
                                              Case No. 17-46554-nhl

        Debtor.
-----------------------------------------------------X

## NOTICE OF HEARING ON DEBTOR'S MOTION DEBTOR'S MOTION FOR AN ORDER DISMISSING THE CHAPTER 11 CASE <u>PURSUANT TO 11 U.S.C. §§305 & 1112</u>.

**PLEASE TAKE NOTICE** that upon the attached motion (the "Motion") of FLAMINGO FUNDING, INC., the above-captioned debtor and debtor in possession (the "Debtor"), by its attorneys, the Law Offices of Gabriel Del Virginia, will move at a hearing before the Honorable Nancy Hershey Lord, Courtroom 3577, United States Bankruptcy Judge, United States Bankruptcy Court, Eastern District of New York, Conrad B. Duberstein U.S. Courthouse, 271 Cadman Plaza East, Suite 1595, Brooklyn, New York 11201-1800, **on April 26, 2018 at 11:00 a.m.,** or as soon thereafter as counsel can be heard, for the entry of an order Dismissing the Chapter 11 Case pursuant to 11 U.S.C. §§305 & 1112.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion or the relief requested therein must be in writing, must conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules of the Bankruptcy Court for the Eastern District of New York (the "Court"), must set forth the name of the objecting party, and the basis for the objection and the specific grounds therefor, and must be filed with the Court electronically, (with a hard copy delivered directly to Bankruptcy Judge Lord's chambers), and any objection must further be served upon:(i) the Law Offices of Gabriel Del Virginia, 30 Wall Street, 12th Floor, New York, New York 10005, Attention: Gabriel Del Virginia, Esq. and (ii) the United States Trustee's Office for the Eastern District of New York U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, so as to be received no later than seven days before the hearing.

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Motion, the Bankruptcy Court may deem any opposition waived and enter an order granting the relief requested in the Motion.

Dated: March 28, 2018
      New York, New York

**LAW OFFICES OF GABRIEL DEL VIRGINIA**
*Attorneys for the Debtor*
*and Debtor-in-Possession*

By: */s/Gabriel Del Virginia*
Gabriel Del Virginia
30 Wall Street, 12th Floor,
New York, New York 10005
Telephone: 212-371-5478
Facsimile: 212-371-0460

To:

   (I) UNITED STATES TRUSTEE'S OFFICE,
       EASTERN DISTRICT OF NEW YORK U.S.
         Federal Office Building 201 Varick Street, Suite 1006 New York, New York 10014

   (II) All parties that have filed Notices of Appearance, and Demands for Papers; and

   (III)    All creditors listed on the Debtor's matrix.

Gabriel Del Virginia, Esq. (GDV-4951)  
LAW OFFICES OF GABRIEL DEL VIRGINIA  
*Attorneys for the Debtor*  
*and Debtor in Possession.*  
30 Wall Street–12th Floor,  
New York, New York 10005  
Telephone: 212-371-5478  
Facsimile: 212-371-0460  
*gabriel.delvirginia@verizon.net*

Hearing Date: April 26, 2018  
Hearing Time: 11:00 a.m.

UNITED STATES BANKRUPTCY COURT  
EASTERN DISTRICT OF NEW YORK  
----------------------------------------------------------X  
In re

FLAMINGO FUNDING, INC.

                Chapter 11  
                Case No. 17-46554-nhl

        Debtor.  
----------------------------------------------------------X

## DEBTOR'S MOTION SEEKING AN ORDER VOLUNTARILY DISMISSING ITS CHAPTER 11 CASE PURSUANT TO 11 U.S.C. §§305 & 1112.

TO:    THE HONORABLE NANCY HERSHEY LORD  
         UNITED STATES BANKRUPTCY JUDGE:

        FLAMINGO FUNDING, INC. the above-captioned debtor and debtor-in-possession (the "Debtor"), by its undersigned counsel, Law Offices of Gabriel Del Virginia, hereby submits the instant motion and hereby seeks the entry of an Order dismissing the case under 11 U.S.C. §§305 & 1112 (b), and respectfully sets forth and represents as follows:

### Background.

        1. The Debtor filed its voluntary petition for relief under the provisions of 11 U.S.C. Chapter 11 on December 6, 2017, (the "Petition Date").

2. The Debtor continues to manage its property as a debtor and debtor-in-possession.

3. No trustee or examiner has been appointed in this case. Also, no official committee of unsecured creditors has been appointed.

4. The Debtor is a New York corporation that owns and operates a six-unit residential rental property (the "Property") located at 766 Miller Avenue in Brooklyn, New York.

5. Due to under-occupation, the Debtor experienced significant financial difficulty that led to its inability to service its existing debt obligation on the Property. As a result, Miller Ave Funding, LLC (the "Lender") threatened to foreclose on the mortgage it held, leading to the filing of this case.

6. Since filing this case, the Debtor was actively seeking to refinance the existing debt on the Property.

7. Through its efforts, the Debtor has obtained a financing commitment from Harrison Vickers and Waterman ("HVW").

8. The Court approved the DIP financing ("Dip Financing") on April 9 2018. See ECF # 28.

9. As a result of the breathing spell provided by the filing of this case, the Debtor was able to obtain the DIP Financing and settle with the Lender. Thus, the Debtor seek to emerge from bankruptcy promptly.

### Summary of Relief Requested.

10. The Debtor seeks that the case is dismissed pursuant to 11 USC 11 U.S.C. §§305 & 1112 in the best interests of unsecured and secured creditors

("Creditors") and Debtor and in the interest of judicial economy. First, the issues with the Lender has be resolved as result of the Debtor obtaining financing. As the matter is resolved, the Debtor, its employees, and creditors would benefit by dismissal as remaining in bankruptcy would adversely affect a healthy business. Dismissal is in the best interest of the unsecured creditors (the "Creditors") as they will be in the same situation as they were in prior the filing of the instant petition case.

### JURISDICTION AND STATUTORY PREDICATE.

11. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections §§305 & 1112 of the Bankruptcy Code.

### DISMISSAL OF THE DEBTOR'S CASE IS IN THE BEST INTERESTS OF THE DEBTOR AND CREDITORS AND IS APPROPRIATE UNDER 11 U.S.C. § 305(a)(1).

12. Section 305 of the Bankruptcy Code provides, in relevant part, that "[T]he court, after notice and a hearing, may dismiss a case under this title or may suspend all proceedings in a case under this title, at any time if -- (1) the interests of creditors and the debtor would be better served by such dismissal or suspension." 11 U.S.C. §305(a)(1).

13. The test for dismissal or suspension pursuant to § 305(a)(1) is whether the relief would be in the "best interests" of both the debtor *and* its creditors. See 11 U.S.C. §305(a)(1); *In re Monitor Single Lift I, Ltd.,* 381 B.R.

455, 462 (Bankr. S.D.N.Y. 2008); *In re Schur Management Co., Ltd.,* 323 B.R. 123, 129 (Bankr. S.D.N.Y. 2005). The test for dismissal (as well as suspension) is whether both the debtor and the creditors would be "better served" by such action. *Monitor Single Lift I, Ltd.,* 381 B.R. at 462; *Schur Management*, 323 B.R. at 129.

14. The decision to abstain under §305(a)(1), either by suspension or dismissal, is committed to the Court's discretion. *In re Compãnia de Alimentos Fargo, S.A.,* 376 B.R. 427, 433 (Bankr. S.D.N.Y. 2007).[1]

15. Although abstention under §305 is considered an extraordinary remedy, *see Compãnia de Alimentos Fargo, S.A.,* 376 B.R. at 434; *Paper I Partners*, 283 B.R. at 678, courts, including in this District, employ this remedy where appropriate. *See, e.g., Compãnia de Alimentos Fargo, S.A.,* 376 B.R. 427 (exercising discretion to dismiss involuntary case under section 305(a)(1*)); In re Strategic Technologies Corp.,* Case No.: 04-12753(PCB) (Bankr. S.D.N.Y. October 11, 2005) (granting structured dismissal of Chapter 11 case under section 305(a)(1) and 1112(b)).

16. Upon dismissal, the Creditors will be in the same situation had the

---

1 The court's discretion is generally informed by several factors, including: (1) whether another forum is available to protect the interests of both parties or there is already a pending proceeding in state court; (2) economy and efficiency of administration; (3) whether federal proceedings are necessary to reach a just and equitable solution; (4) whether there is an alternative means of achieving an equitable distribution of assets; (5) whether the debtor and the creditors are able to work out a less expensive out-of-court arrangement which better serves all interests in the case; (6) whether a non-federal insolvency has proceeded so far that it would be costly and time consuming to start afresh with the federal bankruptcy process; and (7) the purpose for which bankruptcy jurisdiction has been sought. *See Compãnia de Alimentos Fargo, S.A.,* 376 B.R. at 434; *Monitor Single Lift I, Ltd.*, 381 B.R. at 464-65; *In re Paper I Partners, L.P.,* 283 B.R. 661, 679 (Bankr. S.D.N.Y. 2002); *In re Mt. Dairies, Inc.,* 372 B.R. 623, 635 (Bankr. S.D.N.Y. 2007); *In re Euro-American Lodging Corp.*, 357 B.R. 700, 729 (Bankr. S.D.N.Y. 2007).

Debtor never filed the instant petition. As a result of the Dismissal, the Creditors will not suffer any prejudice. Moreover, the Debtor and its employees, a would benefit by dismissal as remaining in bankruptcy would adversely affect a healthy business. Finally, the Debtor's case will be removed from the Court's busy docket, thereby fostering judicial economy.

### THERE IS CAUSE FOR DISMISSAL UNDER 11 U.S.C. §1112(b).

### 11 U.S.C. § 1112(b)(4)(A).

17. "Section 1112(b)(4) prescribes the general procedure for the conversion or dismissal of a chapter 11 case upon the motion of any party in interest (including the debtor), or, in certain instances, by court upon its own motion." 7 *Collier on Bankruptcy* 1112.01[2][a] (Alan N. Resnick & Henry J. Sommer, eds., 15th ed. Rev. 2005).

18. Section 1112(b) states in part as follows:

> [o]n request of a party in interest, and after notice and hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause. (emphasis added).

11 U.S.C. § 1112(b)(1).

19. The Code does not define the phrase "best interest of creditors and the estate." 7 *Collier on Bankruptcy* 1112.04[6]. "Presumably, the parties will be the best judge of their own best interest, and if all the parties agree on one course of action, the court should accommodate their desire." *Id.* (citations omitted).

20. The decision to dismiss a case under 1112(b) rests with the sound discretion of the bankruptcy court and must be made on a case-by-case basis. *In re The 1031 Tax Group, LLC*, 374 B.R. 78, 93 (Bankr. S.D.N.Y. 2007); *In re State St. Assoc.,* 348 B.R. 627, 638 (Bankr. N.D.N.Y. 2006).

### Best Interest of the Debtor, its Creditors and all other interested parties.

21. As previously set forth, the Debtor believes that dismissal of its Chapter 11 case is in the best interest of the Debtor, its creditors, employees and all other interested parties. Courts dismiss Chapter 11 cases where the court finds that dismissal is in the interests of the debtor and its creditors. *See, e.g., In re JJF Assoc. LLC,* 2001 WL 1512616 (S.D.N.Y. 2001) (granting structured dismissal of Chapter 11 case under section 305(a)(1) and 1112(b)); *In re Strategic Technologies Corp.,* Case No.: 04-12753(PCB) (Bankr. S.D.N.Y. October 11, 2005) (granting structured dismissal of Chapter 11 case under section 305(a)(1) and 1112(b)); *In re The Museum Co, Inc., et al.,* Case Nos. 02-10112, 02-10114, 02-10116-17 (Bankr. S.D.N.Y. 2002) *In re Caldor, Inc.,* et al., Case No. 95-44080 (JGL) (Bankr. S.D.N.Y. 1995); and *In re GB Holdings, Inc. et al.,* Case No. 01-1920 (RRM) (Bankr. D. Del. 2001).

22. Therefore, the Debtor respectfully seeks that the Court dismiss the instant bankruptcy case pursuant to pursuant to Section 1112(b)(4) as the Creditors and the Debtor would benefit from the Dismissal.

### NOTICE.

23. In accordance with Federal Rule of Bankruptcy Procedure 2002(a)(4), the Debtor served notice of this Motion upon: (i) all of the Debtor's

known creditors; (ii) any party who has served and filed a notice of appearance upon Debtor's counsel; and (iii) the Office of the United States Trustee for the Eastern District of New York.

### NO PRIOR REQUEST.

25. No prior request for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, the Debtor respectfully requests that this Court issue and enter an order substantially in the form annexed hereto as **Exhibit "A"**, (i) dismissing the Debtor's Chapter 11 case pursuant to Bankruptcy Code sections 305(a)(1) and 1112(b), and  (ii) granting such other and further relief as the court deems just and proper.

Dated:      New York, New York
            March 28, 2018

**LAW OFFICES OF GABRIEL DEL VIRGINIA**
*Attorneys for the Debtor*
 *and Debtor-in-Possession*

By: */s/Gabriel Del Virginia*
Gabriel Del Virginia
30 Wall Street, 12th Floor,
New York, New York 10005.
Telephone: 212-371-5478
Facsimile: 212-371-0460
gabriel.delvirginia@verizon.net

<u>VERIFICATION</u>

Under penalty of perjury, the undersigned hereby verifies and certifies he has read the annexed pleading, and that he believes the facts stated therein to be true, to the best of his knowledge and belief.

Dated:  Brooklyn, New York
        March 28, 2018

                                        Flamingo Funding, Inc.
                                        *Debtor and Debtor-in-Possession*
                                        */s/ Mr. Kennedy George*
                                        President

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re

FLAMINGO FUNDING, INC.

                                                  Chapter 11
                                                  Case No. 17-46554-nhl

          Debtor.
---------------------------------------------------------X

## ORDER VOLUNTARILY DISMISSING CASE
## PURSUANT TO 11 U.S.C. §§305 & 1112.

Upon the motion dated March 28, 2018 (the "Motion") of FLAMINGO FUNDING, INC. , the above-captioned debtor and debtor-in-possession (the "Debtor"), seeking the entry of an order pursuant to sections 305 and 1112(b) of Title 11, United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Voluntarily Dismissing Case; and it appearing that due and sufficient notice has been given; and no objection, in person or in writing, to the relief requested in the Debtor's Motion having been interposed; and due deliberation being had thereon, and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED** that the Debtor's instant case be and the same is dismissed pursuant to sections 305 and 1112(b) of the Bankruptcy Code, 11 U.S.C. §§ 305 and 1112(b).